# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **JEROME G. HINES** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   CASE NO. 3:05-CV-02416-KOB |
| | ] |
| **MICHAEL J. ASTRUE,** | ] |
| **COMMISSIONER, SOCIAL** | ] |
| **SECURITY ADMINISTRATION** | ] |
| | ] |
| **Defendant.** | |

### MEMORANDUM OPINION AND ORDER AWARDING ATTORNEY'S FEE

This matter is before the court on "Petition for Authorization of Attorney's Fees" (doc. 15). Counsel petitions for authorization to charge $4,257.13[1] as attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On October 9, 2007, the Commissioner notified the court that he will not challenge the issue of substantial justification in this case and has no objection to the fees that Plaintiff requests (doc. 16). Based on the court's review of the record and the parties' respective submissions, the court finds that the attorney's fee requested of $4,257.13 is reasonable.

The only issue that remains is whether the payment of the EAJA fees should be made directly to the attorney who performed the work or whether the payment should be made directly to Plaintiff. The Commissioner requests that the fees be paid to Plaintiff rather than his counsel

---

[1] In his Reply (doc. 17), Plaintiff increased the amount originally requested to $4,424.40, the additional amount of attorney's fees representing the one hour spent in preparing the Reply. Because the Reply involves one issue only (whether the fee should be paid directly to the attorney or to the Plaintiff) and thus, arguably represents the attorney's work on behalf of himself and not his client, the court will award the original amount requested.

1

and acknowledges that this request represents a change from past practice.[2] Plaintiff, however, urges the court to continue the traditional practice of paying the attorney fee directly to the attorney. The court agrees with Plaintiff and ORDERS that the attorney fee of $4,257.13 be paid directly to Plaintiff's counsel for the reasons stated below.

In support of its argument that the fees should be paid directly to Plaintiff instead of his attorney, the Commissioner cites the Eleventh Circuit decision of *Panola Land Buying Assoc. v. Clark*[3], 844 F.2d 1506 (11th Cir. 1988). The *Panola* case, however, is distinguishable from the instant case. Judge Johnson of the Northern District of Alabama recently examined this issue and explained why the *Panola* case ruling does not control the typical Social Security decisions involving EAJA fees:

> First, the facts and the holding in *Panola* are very different from this case. In *Panola,* the attorney was seeking fees for a case that he was no longer working on through a motion to intervene. Furthermore, the *Panola* case only held that an attorney cannot be an applicant for fees under the EAJA. It did not decide whether the fees themselves are properly payable to the plaintiff or the attorney. To the contrary, in this case, the attorney successfully represented the Plaintiff in his appeal and is seeking fees through the normal procedure.
>
> Second, the present case is a social security case, which is far different from an

---

[2]In the Commissioner's Response, he
  acknowledges that the position now taken – that EAJA attorney fees should be payable
  to Plaintiff, rather than his or her counsel – is a change from his past practice.
  However, this change resulted from a case in another Circuit in which the United States
  Department of Justice reviewed agency practice throughout the country and learned that
  in this jurisdiction the Commissioner hd been permitting EAJA fees to the (sic) paid to
  Plaintiff's attorneys rather than to Plaintiff. The misunderstanding of law was
  addressed, and the Commissioner has changed his practice.
The Commissioner proceeds to state that the Department of Justice is now asserting the position nationally that EAJA fees must be paid to the prevailing Plaintiff "to ensure consistent interpretation of the EAJA on a national basis."

[3]
The *Panola* case was decided nineteen years ago, yet the Commissioner has not interpreted it to require payment of the EAJA fees directly to Plaintiff in Social Security cases until now.

2

> action against the Department of Agriculture. In social security cases, attorneys are permitted to seek fees under both the EAJA and the Social Security Act (SSA). However, an attorney who receives both EAJA and SSA fees is not entitled to keep both fees. The EAJA contains a "Savings Clause" which states that where "the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds the claimant the amount of the smaller fee." Equal Access to Justice Act, Section 206 Pub. L. 96-481, as amended by Pub. L. 99-80, 99 Stat. 186 (1985). This clause clearly directs the attorney to refund the lesser fee to the claimant if fees are awarded under both the EAJA and SSA. This directive implicitly recognizes that the attorney is the proper payee of the EAJA fees. Otherwise, how could the attorney refund the lesser fee to the claimant? Interpreting the EAJA to mean that the plaintiff is the proper payee would effectively make the Savings Clause superfluous. It is a basic canon of statutory construction that a statute will not be interpreted in such a way that a clause is rendered superfluous. *Duncan v. Walker*, 533 U.S. 167, 174 (2001). Therefore, the EAJA should be interpreted to provide payment of fees directly to the Plaintiff's attorney.

*Smith v. Astrue*, No.06-2052 (N.D. Ala. Oct. 11, 2007). Like the case before Judge Johnson, the instant case is a social security case in which the attorney successfully represented the Plaintiff and is seeking EAJA fees through the normal procedure. Thus, the *Panola* case is inapposite.

Having determined that the *Panola* ruling does not control the instant case, the court next considers whether the practice of paying EAJA fees directly to the Plaintiff's attorney is consistent with the main purpose of the EAJA. The legislative history of EAJA explains the act's purpose as follows:

> Providing an award of fees to a prevailing party represents one way to improve citizen access to courts and administrative proceedings. When there is an opportunity to recover costs, a party does not have to choose between acquiescing to an unreasonable Government order or prevailing to his financial detriment. Thus, by allowing an award of reasonable fees and expenses against the Government when its action is not substantially justified, S. 265 provides individuals an effective legal or administrative remedy where none now exists. By allowing a decision to contest Government action to be based on the merits of the case rather than the cost of litigating, S. 265 helps assure that administrative decisions reflect informed deliberation. In so doing, fee-shifting becomes an instrument for curbing excessive regulation and the unreasonable exercise of

Government authority.

5 U.S. Code Cong. & Admin. News 1980, p. 4991 (*quoted in Panola*, 844 F.2d at 1510).  The EAJA's purpose will not be served if payment for attorney's fees does not reach the attorney and therefore, does not decrease the cost of litigating and increase citizen's access to legal and administrative remedies .  Yet, if EAJA fees are paid directly to the Plaintiff, then they are indeed less likely to reach the attorney because they are then subject to seizure by the government and other creditors to satisfy outstanding debts.  Many disability claimants have long been unable to work, often making them impoverished, burdened with massive debts and, consequently, the target of anxious creditors

A review of EAJA cases involving payment to Plaintiff instead of his/her counsel reveals that government seizure of EAJA fees is not an idle concern.  For example, in *Dixon-Townsell v. Barnhart*, 445 F. Supp. 2d 1283, 1284 (N.D. Okla. 2006), the government seized EAJA fees paid Plaintiff under the Debt Collection Improvement Act of 1996 to pay child support.  In *Reeves v. Barnhart*, 473 F. Supp. 2d 1173, 1175-6 (M.D. Ala. 2007), the government seized the EAJA fees to repay Plaintiff's debts to the Chilton County Department of Human Resources.  In *McCarty v. Astrue*, 505 F. Supp. 2d 624 (N.D. Cal. 2007), the Department of Treasury seized EAJA fees to pay an outstanding tax debt.

While this seizure of EAJA funds may well satisfy other governmental goals, it does not satisfy the primary goal of EAJA: providing indigent claimants with attorneys and improving their access to courts and administrative proceedings.  Instead, this practice thwarts the primary goal by taking the money out of the pocket of the attorney who successfully represents the claimant.  If the EAJA fees are not actually paid to the attorneys, then the attorneys will refuse to take Social

Security cases because of the likelihood of not receiving payment for their work. Claimants will be back in the same position they were before the enactment of the EAJA.

The Eleventh Circuit has recognized that the EAJA is designed "to deter the government from bringing unfounded suits or engaging in unreasonable administrative behavior." *Panola*, 844 F.2d at 1510. However, paying EAJA funds to the Plaintiff may actually reward the very high-handed government action that it is designed to discourage. Under the proposed practice, the government can refuse to pay Social Security benefits without substantial justification yet suffer no true penalty because the EAJA fees that it is required to pay out one day as a penalty can be seized the next. In other words, the government could be accused of manipulating the system by changing the payee to ensure that, at least in some cases, it gets to take its money right back. While the government's desire to collect debts is understandable, the court cannot justify this manipulation, particularly when it arguably results in the government collecting the debt from the wrong party: the confiscated EAJA fees were intended to compensate attorneys, not the debtors. The EAJA attorney fee funds may be awarded for the benefit of the debtor, but they are not the debtor's to keep; they are awarded for the specific purpose of paying counsel. *See Phillips v. Gen. Servs. Admin*, 924 F.2d 1577, 1583 (Fed. Cir. 1991). To underscore this fact, *pro se* Plaintiffs are not entitled to an EAJA attorney's fee award. *Id.* This court finds that the government's recent effort to pay the EAJA attorney's fees directly to the Plaintiff conflicts with the goals of the EAJA.

To further the clear purpose of EAJA, the court ORDERS that the attorney fees of $4,257.13 be paid directly to the Plaintiff's attorney, Robert Bunch.

DONE and ORDERED this 11th day of December, 2007.

                                                                       */s/ Karon O. Bowdre*
                                                                       KARON OWEN BOWDRE
                                                                       UNITED STATES DISTRICT JUDGE